W. G. MARTIN v. J. E. JONES AND WIFE.

(No. 2255.)

APPEAL from Taylor County.    Opinion by WILLSON, J.

*(Transferred from Austin.)*

SPOONTS & LEGETT, counsel for appellant.

BENTLEY & BOWYER, counsel for appellees.

§ 205. *Parties; wife is a proper party plaintiff with her husband in suit on note, her separate property; case stated.*    Appellees sued appellant on a note executed by him and made payable to appellee, Mrs. Jones.    The petition alleged that said note was the separate property of said Mrs. Jones.    *Held:* The wife was a proper party plaintiff in the suit, it being alleged in the petition that said note was her separate property.    [R. S. art. 1204; Sayles & Bassett's Pl. & Pr. § 269.]    It was not necessary to allege in the petition the facts which made said note the separate property of the wife.    Such facts were matters of evidence, not of pleading.

§ 206. *Execution of note with the understanding that another party was also to sign it; effect of such a contract; rules as to.*    Appellant pleaded specially that when he signed said note it was with the understanding that appellee J. E. Jones would also sign the same as a co-maker thereof with him, and that said note should not be delivered to Mrs. Jones, and should not become operative and binding upon appellant, until it had been so signed by said J. E. Jones; that this understanding was known to Mrs. Jones at the time he signed and delivered said note to J. E. Jones, and that said J. E. Jones was acting as her agent in the transaction, and that said J. E. Jones delivered said note to his wife without signing the same, and in violation of said contract.    Upon exception thereto made by appellees, said plea was stricken out.    *Held,* there was no error in striking out the plea.    It is

well settled that delivery to the payee of a negotiable note is, in law, absolute and complete. If the note had been delivered to a person not a party thereto, as an *escrow*, not to be delivered to the payee until J. E. Jones had also signed it, and these facts had been known to the payee, the note would not be binding, as J. E. Jones did not sign it. But the note having been delivered to J. E. Jones, the agent of the payee, this was a delivery in law to the payee, and was absolute and complete, and hence the plea afforded no defense to this suit. [1 Danl. Neg. Inst. §§ 854, 855; Scott v. Bank, 9 Ark. 36.]

December 8, 1886.　　　　　　　　　　Affirmed.